# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
**DEBORAH L. BOARDMAN**
**UNITED STATES MAGISTRATE JUDGE**

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

September 1, 2020

LETTER TO COUNSEL

     RE:    *Barbara S. v. Saul*
              Civil No. DLB-19-1599

Dear Counsel:

     On May 31, 2019, plaintiff Barbara S. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. ECF No. 1. I have considered the parties' cross-motions for summary judgment, and plaintiff's response. ECF Nos. 15 ("Pl.'s Mot."), 18 ("Def.'s Mot."), 19 ("Pl.'s Resp."). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the Commissioner's decision in part, and remand the case to the Commissioner for further consideration. This letter explains my rationale.

     Plaintiff protectively filed her claims for benefits on December 16, 2015 and May 26, 2016, alleging an onset date of April 18, 2015. Administrative Transcript ("Tr.") 231-45. Her claims were denied initially and on reconsideration. Tr. 148-55, 157-70. A hearing was held on December 15, 2017, before an Administrative Law Judge ("ALJ"). Tr. 43-83. Following the hearing, the ALJ determined that plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 25-37. The Appeals Council denied plaintiff's request for review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

     The ALJ found that plaintiff suffered from the severe impairments of "Bipolar disorder, depression, post-traumatic stress disorder ("PTSD"), anxiety, and substance addiction disorder." Tr. 28. Despite these impairments, the ALJ determined that plaintiff retained the residual functional capacity ("RFC") to:

     perform a full range of work at all exertional levels but with the following nonexertional limitations: The claimant is limited to performing simple, routine tasks. The claimant can frequently interact with supervisors but only occasionally

> interact with coworkers and the public. The claimant can adapt to gradual changes
> in a routine work environment.

Tr. 31. After considering the testimony of a vocational expert ("VE"), the ALJ determined that plaintiff could perform her past relevant work as a cleaner/housekeeper. Tr. 36-37. Therefore, the ALJ concluded that plaintiff was not disabled. Tr. 37.

Plaintiff raises one argument on appeal: that the ALJ's decision does not comply with the Fourth Circuit's holding in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). Pl.'s Mot. 8-17. I agree.

In *Mascio*, the Fourth Circuit determined that remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. 780 F.3d at 638. That functional area "refers to the abilit[y] to focus attention on work activities and stay on task at a sustained rate." 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.00(E)(3). The Social Security regulations define a "moderate limitation" as the "fair" ability to function "independently, appropriately, effectively, and on a sustained basis." *Id.* § 12.00(F)(2). In comparison, a "mild limitation" reflects a slightly limited functional ability, and a "marked limitation" reflects a seriously limited functional ability. *Id.*

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE—and the corresponding RFC assessment—did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.* The Court recently reiterated that *Mascio* "did not impose a categorical rule that requires an ALJ to always include moderate limitations in concentration, persistence, or pace as a specific limitation in the RFC." *Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020) (finding that the ALJ adequately explained the RFC's mental limitations where the RFC did not include a specific limitation addressing the plaintiff's moderate limitation in concentration, persistence, or pace).

Here, the ALJ's analysis of plaintiff's ability to maintain concentration, persistence, or pace stated:

*Barbara S. v. Saul*
Civil No. DLB-19-1599
September 1, 2020
Page 3

> With regard to concentrating, persisting, or maintaining pace, the claimant has a
> moderate limitation.   The claimant's treatment records indicate difficulty
> concentrating.  The State Agency Psychological Consultants at both levels found
> the record supported moderate limitations in this area.  The State Agency
> Psychological Consultant at reconsideration, Dr. Montgomery, concluded that the
> claimant's anxiety and depressive symptoms would occasionally interfere with her
> persistence and pace.   The undersigned also considers the February 2018
> interrogatory responses from medical psychiatric expert Patin Nahi, M.D.  Having
> the opportunity to review all of the claimant's medical records, though having no
> opportunity to examine the claimant in person, Dr. Nahi concluded that there was
> no support for any significant psychiatric limitations generally and specifically
> found mild limitations in concentration, persistence and pace.  Considering all of
> the evidence including the claimant's testimony, the undersigned finds support for
> moderate limitations in this area.

Tr. 29-30 (internal citations removed).

At step three and throughout the RFC assessment, the ALJ noted plaintiff's limitations in concentrating, persisting, and maintaining pace. *See, e.g.*, Tr. 31-33 (discussing treatment records that noted "decreased concentration," "difficulty concentrating," and being distracted); *see also* Tr. 35 (noting plaintiff's limitations with concentration, persistence, and pace in his discussion of the opinion evidence).  The ALJ then concluded that plaintiff's mental limitations, including her moderate limitations in concentration, persistence, and pace, "[could] be accommodated with a restriction to simple instructions and occasional interaction with the public."  Tr. 35.  This conclusory statement does not explain why plaintiff's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the RFC, as required by *Mascio*; *see Shinaberry*, 952 F.3d at 121 (An ALJ "cannot summarily 'account for a claimant's limitations in concentration, persistence, or pace by restricting the hypothetical to simple, routine tasks or unskilled work.'") (quoting *Mascio*, 780 F.3d at 638).

The Commissioner argues that "the ALJ's decision demonstrates how the ALJ considered plaintiff's functioning in this domain and how he concluded that those impairments did not prevent plaintiff from functioning as outlined in the RFC."  Def.'s Mot. 13.  For support, he summarizes the ALJ's RFC assessment, wherein "the ALJ weighed the medical and non-medical evidence, including plaintiff's testimony, statements to treating and examining sources, activities of daily living, medication use and response, treatment records, mental status examinations, and opinions from State agency psychological consultants, consultative psychological examiner, psychiatrist medical expert, and treating psychiatrist and therapist."  *Id.* at 7 (citing Tr. 31-36).  The Commissioner may be correct that the ALJ's RFC assessment included this evidence, but the issue is whether the ALJ sufficiently explained how the evidence supported the RFC.  I agree with plaintiff that he did not.

Plaintiff persuasively argues that the ALJ's discussion of the opinion of Dr. Leslie E. Montgomery, a State agency consultant, cannot provide the ALJ's missing explanation.  Pl.'s Mot.

*Barbara S. v. Saul*
Civil No. DLB-19-1599
September 1, 2020
Page 4

14. At step three, the ALJ explained that "Dr. Montgomery[] concluded that the claimant's anxiety and depressive symptoms would occasionally interfere with her persistence and pace." Tr. 29. The ALJ later assigned Dr. Montgomery's opinion "great weight" because it was "consistent with the record" and "within [her] area of medical specialty." Tr. 35. The Commissioner asserts that Dr. Montgomery's "conclusion is consistent with the ALJ's finding that plaintiff can perform simple, routine tasks" because Dr. Montgomery also opined that "[t]he clmt retains the ability to complete basic tasks and some detailed tasks, especially if they are familiar." Def.'s Mot. 14 (quoting Tr. 124). The Commissioner further contends that the ALJ "made clear he was assigning great weight to this opinion because the assessed moderate limitation in concentrating, persisting, or maintaining pace, was supported by treatment notes indicating issues in concentration, and not because of any issue maintaining persistence or pace." *Id.*; *see* Tr. 35 (ALJ noting that "[plaintiff's] treatment records show that she continued, even after her mood stabilized, to have concentration issues").

Even if the Commissioner is correct in his assertion that the ALJ found that plaintiff was more limited in her ability to concentrate than in her ability to persist or maintain pace, that would not cure the *Mascio* defect. The *Mascio* Court was concerned with a claimant's ability to stay on task, which encompasses limitations in concentration as well as persistence and pace. *See* 780 F.3d at 638. Moreover, the ALJ expressly "agree[d] [with Dr. Montgomery] that the evidence support[ed] a finding that the claimant [had] moderate limitations in . . . concentration[,] *persistence and pace*." Tr. 35 (emphasis added). Therefore, Dr. Montgomery's opinion, without an explanation from the ALJ, cannot cure the ALJ's *Mascio* defect.

In the absence of such an explanation, I am unable to determine whether the RFC assessment would permit a person with plaintiff's limitations to sustain competitive work. In light of this inadequacy, I must remand the case to the SSA for further analysis consistent with the Fourth Circuit's mandate in *Mascio*.

For these reasons, plaintiff's motion for summary judgment, ECF No. 15 is DENIED, and defendant's motion for summary judgment, ECF No. 18, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion.

Despite the informal nature of this letter, it should be flagged as an opinion. A separate order follows.

Sincerely yours,

/s/

Deborah L. Boardman
United States Magistrate Judge